RECEIPT # 53869
UNT S 150
SUMMONS ISSUED No
LOCAL RULE 4.1_____
WAIVER FORM _____
MCF ISSUED_____
BY DPTY. CLK. Kim Abraid
DATE 2-13-04

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

|  |  |
|---|---|
| JOHN J. HOGAN, | \* |
| Plaintiff, | \* |
| v. | \* CIVIL ACTION NO. |
| KEYSPAN HOME ENERGY SERVICES (NEW ENGLAND), INC. a/k/a SERVICE EDGE PARTNERS INC., | \* 04-10313MLW |
| Defendants. | \* MAGISTRATE JUDGE Alexander |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

SCANNED DATE: 2/17/04 BY: ___

## NOTICE OF REMOVAL

Defendant KeySpan Home Energy Services (New England), Inc. ("KeySpan") files this Notice of Removal in accordance with 28 U.S.C. §§ 1441 and 1446 and requests that this action be removed from the Commonwealth of Massachusetts, Superior Court, Norfolk County to the United States District Court for the District of Massachusetts. As its reasons for removal, KeySpan states:

1. KeySpan is the defendant in a civil action in the Superior Court for the Commonwealth of Massachusetts entitled <u>John J. Hogan v. KeySpan Home Energy Services (New England), Inc. a/k/a Servicedge Partners Inc.</u>, Civil Action Number 03 01957 (the "Pending Action"). Plaintiff served the Complaint upon KeySpan January 20, 2003. Therefore, this Notice of Removal is timely.

2. This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 29 U.S.C. §§ 141 and 185, because the Complaint relates to the interpretation

of a collective bargaining agreement that is subject to section 301 of the National Labor Relations Act.

3. The Complaint contains two counts: Breach of Contract and Wrongful Termination. Plaintiff alleges that KeySpan has terminated his employment without cause in violation of a LAST CHANCE AGREEMENT (the "Agreement").

4. The plaintiff was a KeySpan employee and a member of the United Steelworkers of America AFL-CIO CLC Local 9432 (the Union"). The Union is the sole and exclusive bargaining agent for its membership.

5. In April 2001, KeySpan terminated plaintiff's employment for falsifying records and referring work to a competitor. On June 18, 2001, the Union and KeySpan resolved the Union's grievance of that termination by entering into a Last Chance Agreement. Under the Agreement, plaintiff would return to work and be placed on probationary status for 12 months. He would be subject to discharge for cause during that period, and he would specifically be subject to discharge at any future time for using his contacts with customers for personal gain or the gain of others or for engaging in any outside work activity that directly or indirectly competes with the services provided by KeySpan.

6. On December 7, 2001, the plaintiff was discharged for violation of company work rules including the referral of KeySpan customers to competitors of KeySpan.

7. Section 301(a) of the Labor Management Relations Act provides federal courts with jurisdiction over suits for violation of contracts between an employer and a labor organization representing employees. 29 U.S.C. § 185. Moreover, when a claim is

either founded on rights created by collective bargaining agreements or is substantially dependent on analysis of such agreements, those claims are preempted by § 301. Caterpillar, Inc. v. Williams, 482 U.S. 386, 394 (1987). "When resolution of a state law claim is substantially dependent upon analysis of the terms of an agreement made between the parties in a labor contract, that claim must either be treated as a § 301 claim [citation omitted] or dismissed as pre-empted by federal labor contract law." Allis Chalmers Corp. v. Lueck, 471 U.S. 202 at 220 (1985). In our case, plaintiff's claims are totally dependent upon agreements between parties to a labor contract. Consequently, this case is properly removed to the United States District Court and decided based upon federal case law applicable to controversies under collective bargaining agreements. See Nuzzo v. Northwest Airlines, Inc., 887 F. Supp. 28 (D. Mass.1995) (applying § 301 preemption to state claims requiring the interpretation and application of a Last Chance Agreement in a case removed to federal court pursuant to 28 U.S.C. § 1441).

8. Because the plaintiffs' Complaint is completely preempted by § 301, the Complaint is plainly removable.

9. This Court has jurisdiction over all claims and all parties. The Court has jurisdiction over the Complaint pursuant to 28 U.S.C. § 1331 and 29 U.S.C. §§ 141 and 185, and the Complaint is properly removed pursuant 28 U.S.C. §§ 1441 and 1446.

15. A copy of the Complaint and Summons received by KeySpan in the Pending Action are attached to this Notice.

16. A copy of this Notice of Removal will be filed with the Clerk of the Superior Court for Norfolk County, Massachusetts.

17. Pursuant to Local Rule 81.1 (a), within thirty (30) days after the filing of this notice for removal, Defendant will file certified or attested copies of all state court records, proceedings, and docket entries. WHEREFORE, the Defendants request that the Pending Action be removed to the United States District Court for the District of Massachusetts.

Respectfully submitted,

KeySpan Home Energy Services New England, Inc.

By its attorney,

Thomas R. Teehan
KeySpan Energy Delivery
52 Second Avenue
Waltham, MA 02451
(781) 466-5137
Massachusetts B.B.O. No. 494000

I hereby certify that a true copy of the above document was served upon Robert J. Zanello, the attorney of record for plaintiff John J. Hogan by mail on February 13, 2004.

Thomas R. Teehan
KeySpan Energy Delivery
52 Second Avenue
Waltham Massachusetts 02451

Dated February 13, 2004
DOCSB\572106.1

(TO PLAINTIFF'S ATTORNEY: PLEASE CIRCLE TYPE OF ACTION INVOLVED:—
TORT - MOTOR VEHICLE TORT - **CONTRACT** -
EQUITABLE RELIEF - OTHER.)

## COMMONWEALTH OF MASSACHUSETTS

NORFOLK, ss.                                         SUPERIOR COURT
                                                     CIVIL ACTION

                                                     NO. NOCV2 2003-01957-A

..............JOHN HOGAN................., *Plaintiff(s)*

v.

KEYSPAN HOME ENERGY SERVICE *Defendant(s)* DATE OF SERVICE
                            INC.
a/k/a   SERVICEDGE PARTNERS INC.

### SUMMONS

To the above-named Defendant:

You are hereby summoned and required to serve upon ...Robert J. Zanello..., plaintiff's attorney, whose address is 400 Granite Ave, Milton..., an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at Dedham either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

WITNESS, SUZANNE V. DELVECCHIO, *Esquire*, at .......Dedham....the .......20th..........

day of ....October................, in the year of our Lord two thousand and .........three.................

                                                                                    ........................ *Clerk.*

NOTES:
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all defendants should appear in the caption.
   If a separate summons is used for each defendant, each should be addressed to the particular defendant.

F-33

| CIVIL ACTION COVER SHEET | | Trial Court of Massachusetts Superior Court Department County: _____ |
|---|---|---|

| PLAINTIFF(S) JOHN HOGAN | DEFENDANT(S) KEYSPAN INC. |
|---|---|
| ATTORNEY, FIRM NAME, ADDRESS AND TELEPHONE<br>Robert J. Zanello<br>400 Granite Avenue, Milton, MA<br>617-696-5031<br>Board of Bar Overseers number: #539060 | ATTORNEY (if known) |

Origin code and track designation

Place an x in one box only:
- [X] 1. F01 Original Complaint
- [ ] 2. F02 Removal to Sup.Ct. C.231,s.104 (Before trial) (F)
- [ ] 3. F03 Retransfer to Sup.Ct. C.231,s.102C (X)
- [ ] 4. F04 District Court Appeal c.231, s. 97 &104 (After trial) (X)
- [ ] 5. F05 Reactivated after rescript; relief from judgment/Order (Mass.R.Civ.P. 60) (X)
- [ ] 6. E10 Summary Process Appeal (X)

TYPE OF ACTION AND TRACK DESIGNATION (See reverse side)

| CODE NO. | TYPE OF ACTION (specify) | TRACK | IS THIS A JURY CASE? |
|---|---|---|---|
| A99 | Employment Contract | ( F ) | (XX) Yes   ( ) No |

The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

**TORT CLAIMS**
(Attach additional sheets as necessary)

A. Documented medical expenses to date:
  1. Total hospital expenses ........... $........
  2. Total Doctor expenses ............. $........
  3. Total chiropractic expenses ....... $........
  4. Total physical therapy expenses ... $........
  5. Total other expenses (describe) ... Subtotal $........
B. Documented lost wages and compensation to date ... $........
C. Documented property damages to date ... $........
D. Reasonably anticipated future medical and hospital expenses ... $........
E. Reasonably anticipated lost wages ... $........
F. Other documented items of damages (describe) ... $........
G. Brief description of plaintiff's injury, including nature and extent of injury (describe)

$........
TOTAL $........

**CONTRACT CLAIMS**
(Attach additional sheets as necessary)

Provide a detailed description of claim(s):   Plaintiff was wrongfully terminated from his job. There was an express agreement which was entered into stating that he would be discharged only for good cause.

Wages and benefits lost for 4 months; future potential earnings lost and benefits.

TOTAL $.30,000.++

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT.

"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods."

Signature of Attorney of Record _____   DATE: _____

AOTC-6 mtc005-11/99

COMMONWEALTH OF MASSACHUSETTS

NORFOLK, SS.                                SUPERIOR COURT DEPARTMENT
                                            CIVIL ACTION NO.

| | |
|---|---|
| JOHN J. HOGAN ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| ) | |
| KEYSPAN HOME ENERGY SERVICES ) | |
| (NEW ENGLAND), INC. a/k/a ) | |
| SERVICEDGE PARTNERS INC., ) | |
| Defendant ) | |
| ) | |

## COMPLAINT AND JURY CLAIM

### PARTIES

1.  The Plaintiff, John J. Hogan is a resident of 20 Swan Avenue, South Weymouth, County of Norfolk, Massachusetts.

2.  The Defendant, KeySpan Home Energy Services New England a/k/a Servicedge Partners Inc. is a corporation doing business in the Commonwealth of Massachusetts, maintaining a business office at 62 Second Avenue, N.W. Park in Burlington, Middlesex County, Massachusetts.

### COUNT I

### BREACH OF CONTRACT

3.  The Plaintiff repeats and restates the allegations contained in paragraphs 1-2 inclusive of the Complaint and incorporates them by reference into this Count as if fully and completely set forth herein.

4.  On or about June 18, 2001 the parties entered into what is entitled "LAST

CHANCE AGREEMENT" which established the employment terms and conditions between the plaintiff and the defendant.

5. On or about December 5, 2001, the defendant breached that agreement with the Plaintiff by terminating his employment without just cause. The Defendant intentionally and deliberately sought to terminate and discharge the Plaintiff without good cause or actual justification.

5. The Plaintiff seeks damages for his unlawful discharge from employment, back pay and lost wages and benefits, future earnings and emotional distress, together with attorney's fees, interest and costs.

## COUNT II

## WRONGFUL TERMINATION OF EMPLOYMENT

6. The Plaintiff repeats and restates the allegations contained in paragraphs 1-5 of the Complaint and incorporates them by reference into this Count as if fully and completely set forth herein.

7. On or about December 5, 2001 the Defendant by letter from Kevin N. Caddell, Director of Operations terminated the Plaintiff by falsely and intentionally claiming irrefutable evidence that the Plaintiff violated the "LAST CHANCE AGREEMENT".

8. The Plaintiff seeks both compensatory damages and punitive damages for the illegal and unlawful conduct of the Defendant in an appropriate amount

Wherefore the Plaintiff, John J. Hogan, demands judgment against the defendant,

KeySpan home Energy Services, in an appropriate amount together with attorney's fees, interest and costs.

THE PLAINTIFF DEMANDS A JURY TRIAL ON ALL ISSUES SO TRIABLE

By his Attorney,

Robert J. Zanello, Esq.
400 Granite Avenue
Milton, MA 02186
(617) 696-5031
BBO #539060