COMMONWEALTH OF MASSACHUSETTS

NORFOLK, SS.                                        SUPERIOR COURT
                                                    CIVIL ACTION NO. 03-01957

JOHN J. HOGAN,
    Plaintiff

v.

KEYSPAN HOME ENERGY SERVICES
(NEW ENGLAND), INC. a/k/a
SERVICEDGE PARTNERS INC.,
    Defendant

### NOTICE OF FILING NOTICE OF REMOVAL OF CIVIL ACTION TO UNITED STATES DISTRICT COURT

TO:    Walter F. Timilty, Clerk of Court
        Commonwealth of Massachusetts
        Norfolk Superior Court
        Courthouse
        650 High Street Street
        Dedham, MA 02026

        Robert J. Zanello
        400 Granite Avenue
        Milton, MA 02186
        (Counsel for Plaintiff, John J. Hogan)

Please take notice that on February 13, 2004, Defendant, KeySpan Home Energy Services (New England), Inc. filed in the United States District Court for the District of Massachusetts a Notice of Removal of Civil Action to said United States District Court. A copy of the Notice of Removal is attached.

Please take further notice that pursuant to 28 U.S.C. §1446, the filing of the Notice of Removal in the United States District Court, together with the filing with this Court of this

Notice of Filing of Notice of Removal, effects the removal of this action, and this Court may proceed no further unless and until the case is remanded.

Pursuant to Rule 81.1 of the Local Rules of the United States District Court for the District of Massachusetts defendant requests certified or attested copies of all records and proceedings and all docket entries in the state-court action.

Respectfully submitted,

DATED: February 13, 2004

Thomas R. Teehan (BBO #494000)
KeySpan Home Energy Services New England, Inc.
52 Second Avenue
Waltham, MA 02451
(781) 466-5137
(781) 290-4965 facsimile
tteehan@keyspanenergy.com

### CERTIFICATE OF SERVICE

I, Thomas R. Teehan, do hereby certify that on February 13, 2004, I caused to be served a copy of the within Defendant's Notice of Filing Notice of Removal of Civil Action, by mailing, first-class, postage prepaid, to Robert J. Zanello, Esq., 400 Granite Avenue, Milton, MA 02186, Attorney for Plaintiff John J. Hogan via regular U.S. Mail.

Thomas R. Teehan

Attest: A TRUE COPY
Deputy Assistant Clerk
2/17/04

2

COMMONWEALTH OF MASSACHUSETTS

NORFOLK, SS.                           SUPERIOR COURT DEPARTMENT
                                       CIVIL ACTION NO.
                                                    03  01957

| | |
|---|---|
| JOHN J. HOGAN )  | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| ) | |
| KEYSPAN HOME ENERGY SERVICES ) | |
| (NEW ENGLAND), INC. a/k/a  ) | |
| SERVICEDGE PARTNERS INC., ) | |
| Defendant ) | |
| ) | |

## COMPLAINT AND JURY CLAIM

### PARTIES

1.  The Plaintiff, John J. Hogan is a resident of 20 Swan Avenue, South Weymouth, County of Norfolk, Massachusetts.

2.  The Defendant, KeySpan Home Energy Services New England a/k/a Servicedge Partners Inc. is a corporation doing business in the Commonwealth of Massachusetts, maintaining a business office at 62 Second Avenue, N.W. Park in Burlington, Middlesex County, Massachusetts.

### COUNT I

### BREACH OF CONTRACT

3.  The Plaintiff repeats and restates the allegations contained in paragraphs 1-2 inclusive of the Complaint and incorporates them by reference into this Count as if fully and completely set forth herein.

4.  On or about June 18, 2001 the parties entered into what is entitled "LAST

CHANCE AGREEMENT" which established the employment terms and conditions between the plaintiff and the defendant.

5. On or about December 5, 2001, the defendant breached that agreement with the Plaintiff by terminating his employment without just cause. The Defendant intentionally and deliberately sought to terminate and discharge the Plaintiff without good cause or actual justification.

5. The Plaintiff seeks damages for his unlawful discharge from employment, back pay and lost wages and benefits, future earnings and emotional distress, together with attorney's fees, interest and costs.

## COUNT II

### WRONGFUL TERMINATION OF EMPLOYMENT

6. The Plaintiff repeats and restates the allegations contained in paragraphs 1-5 of the Complaint and incorporates them by reference into this Count as if fully and completely set forth herein.

7. On or about December 5, 2001 the Defendant by letter from Kevin N. Caddell, Director of Operations terminated the Plaintiff by falsely and intentionally claiming irrefutable evidence that the Plaintiff violated the "LAST CHANCE AGREEMENT".

8. The Plaintiff seeks both compensatory damages and punitive damages for the illegal and unlawful conduct of the Defendant in an appropriate amount

Wherefore the Plaintiff, John J. Hogan, demands judgment against the defendant,

KeySpan home Energy Services, in an appropriate amount together with attorney's fees, interest and costs.

THE PLAINTIFF DEMANDS A JURY TRIAL ON ALL ISSUES SO TRIABLE

By his Attorney,

*/s/ Robert J. Zanello*

Robert J. Zanello, Esq.
400 Granite Avenue
Milton, MA 02186
(617) 696-5031
BBO #539060

A TRUE COPY
Attest: _____
Deputy Assistant Clerk
2/17/04

| CIVIL ACTION COVER SHEET | DOCKET NO.(S) 03 01957 | Trial Court of Massachusetts Superior Court Department County: _____ |
|---|---|---|

**PLAINTIFF(S)** JOHN HOGAN

**DEFENDANT(S)** KEYSPAN INC.

**ATTORNEY, FIRM NAME, ADDRESS AND TELEPHONE**
Robert J. Zanello
400 Granite Avenue, Milton, MA
617-696-5031

**ATTORNEY (if known)**

Board of Bar Overseers number: #539060

**A**

Origin code and track designation

Place an x in one box only:
- XX  1. F01 Original Complaint
- ☐  2. F02 Removal to Sup.Ct. C.231,s.104 (Before trial) (F)
- ☐  3. F03 Retransfer to Sup.Ct. C.231,s.102C (X)
- ☐  4. F04 District Court Appeal c.231, s. 97 &104 (After trial) (X)
- ☐  5. F05 Reactivated after rescript; relief from judgment/Order (Mass.R.Civ.P. 60) (X)
- ☐  6. E10 Summary Process Appeal (X)

**TYPE OF ACTION AND TRACK DESIGNATION (See reverse side)**

| CODE NO. | TYPE OF ACTION (specify) | TRACK | IS THIS A JURY CASE? |
|---|---|---|---|
| A99 | Employment Contract | (F) | (xx) Yes ( ) No |

The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

**TORT CLAIMS**
(Attach additional sheets as necessary)

A. Documented medical expenses to date:
1. Total hospital expenses ............................................................. $............
2. Total Doctor expenses ............................................................. $............
3. Total chiropractic expenses ....................................................... $............
4. Total physical therapy expenses .................................................. $............
5. Total other expenses (describe) ................................................... Subtotal $............

B. Documented lost wages and compensation to date ............................... $............
C. Documented property damages to date ............................................. $............
D. Reasonably anticipated future medical and hospital expenses .................. $............
E. Reasonably anticipated lost wages .................................................. 
F. Other documented items of damages (describe) ................................... $............

G. Brief description of plaintiff's injury, including nature and extent of injury (describe)

$............
**TOTAL** $............

**CONTRACT CLAIMS**
(Attach additional sheets as necessary)

Provide a detailed description of claim(s):   Plaintiff was wrongfully terminated from his job. There was an express agreement which was entered into stating that he would be discharged only for good cause.
Wages and benefits lost for 4 months; future potential earnings lost and benefits.

**TOTAL** $.30,000.++

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT

"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with Information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods."

Signature of Attorney of Record _____   Attest: _____ DATE: 9/11/03

Deputy Assistant Clerk
2/17/04

AOTC-6 mtc005-11/03

3.0

COMMONWEALTH OF MASSACHUSETTS

NORFOLK, SS.
*Jan. 21, 2004*
*Motion is Allowed. Time for Service is extended up to & including Jan. 20, 2004 (Critsley, J)*
*Att: George Berube, Asst CIC*

SUPERIOR COURT
NOCV 2003-01957-A

JOHN HOGAN

VS.

KEYSPAN HOME ENERGY SERVICES INC.
a/k/a SERVICEDGE PARTNERS INC.

## PLAINTIFF'S MOTION TO EXPAND THE TIME TO MAKE RETURN OF SERVICE OF PROCESS

Now comes the Plaintiff, by his attorney, and requests an additional 10 days to make his return of service to the court in this matter.

As reasons for this request, the plaintiff has contacted the Middlesex Sheriff's Department this date on the status of serving the defendant.

Counsel has been informed that service has been made but that return of service will not be made by 1/20/04 to file with the court.

While the Sheriffs Department can provide counsel with a facsimile of service having been made the actual return would not be available by 1/20/04.

The actual return of service will be made within 7 - 10 days of 1/20/04. The Plaintiff respectfully asks that the additional time be allowed for the purpose of filing the return of service.

Respectfully Submitted

Robert J. Zanello
Counsel for Plaintiff, John Hogan
400 Granite Avenue
Milton, MA 02186
(617) 696-5031
(BBO #539060)

RECEIVED & FILED
CLERK OF THE COURTS
NORFOLK COUNTY
1/16/04

Attest: *[signature]* A TRUE COPY
2/17/04

# ROBERT J. ZANELLO
### ATTORNEY AT LAW

TELEPHONE (617) 696-5031
FAX (617) 696-5032

400 GRANITE AVENUE
MILTON, MA 02186

January 16, 2004

Clerk's Office - Civil Department
Norfolk County Superior Court
650 High Street
Courthouse
Dedham, MA 02026

BY FAX AND MAIL

Re: John Hogan vs. Keyspan Home Energy Services
NOCV 2003-01957-A

Dear Sir/Madam:

Enclosed please find the defendant's Motion to Expand the Time for Filing Service of Process for docketing and filing.

Kindly advise this office if the matter needs to be marked for a hearing.

Thank you.

Very truly yours,

Robert J. Zanello

RJZ/hs
Enc.

# ROBERT J. ZANELLO
### ATTORNEY AT LAW

TELEPHONE (617) 696-5031
FAX (617) 696-5032

400 GRANITE AVENUE
MILTON, MA 02186

## FACSIMILE TRANSMITTAL

DATE: 1/16/04

TO: CLERK'S OFFICE- CIVIL DEPARTMENT
NORFOLK COUNTY SUPERIOR COURT

FAX# (781)-326-3871

FROM: ATTORNEY - ROBERT J. ZANELLO

RE: JOHN HOGAN VS. KEYSPAN HOME ENERGY SERVICES, INC.
NOCV 2003-01957 A

MESSAGE:

ATTACHED IS:

COVER LETTER AND MOTION TO EXPAND TIME FOR FILING SERVICE OF PROCESS.

PLEASE INFORM SESSION JUDGE OF THIS MOTION.

MY OFFICE IS AVAILABLE TO APPEAR IN COURT AT YOUR DIRECTION.

THANK YOU.

PAGES SENT 3



COMMONWEALTH OF MASSACHUSETTS

NORFOLK, SS.                                    SUPERIOR COURT
                                                NOCV 2003-01957-A

JOHN HOGAN

VS.

KEYSPAN HOME ENERGY SERVICES INC.
a/k/a SERVICEDGE PARTNERS INC.

### PLAINTIFF'S MOTION TO EXPAND THE TIME TO MAKE RETURN OF SERVICE OF PROCESS

Now comes the Plaintiff, by his attorney, and requests an additional 10 days to make his return of service to the court in this matter.

As reasons for this request, the plaintiff has contacted the Middlesex Sheriffs Department this date on the status of serving the defendant.

Counsel has been informed that service has been made but that return of service will not be made by 1/20/04 to file with the court.

While the Sheriffs Department can provide counsel with a facsimile of service having been made the actual return would not be available by 1/20/04.

The actual return of service will be made within 7 - 10 days of 1/20/04. The Plaintiff respectfully asks that the additional time be allowed for the purpose of filing the return of service.

Respectfully Submitted

Robert J. Zanello
Counsel for Plaintiff, John Hogan
400 Granite Avenue
Milton, MA 02186
(617) 696-5031
(BBO #539060)

A TRUE COPY
Attest:
Deputy Assistant Clerk

# ROBERT J. ZANELLO
### ATTORNEY AT LAW

TELEPHONE (617) 696-5031  
FAX (617) 696-5032

400 GRANITE AVENUE  
MILTON, MA 02186

January 16, 2004

Clerk's Office - Civil Department  
Norfolk County Superior Court  
650 High Street  
Courthouse  
Dedham, MA 02026

BY FAX AND MAIL

Re: John Hogan vs. Keyspan Home Energy Services  
  NOCV 2003-01957- A

Dear Sir/Madam:

   Enclosed please find the defendant's Motion to Expand the Time for Filing Service of Process for docketing and filing.

   Kindly advise this office if the matter needs to be marked for a hearing.

   Thank you.

Very truly yours,

*[signature]*

Robert J. Zanello

RJZ/hs  
Enc.

(TO PLAINTIFF'S ATTORNEY: PLEASE CIRCLE TYPE OF ACTION INVOLVED: -
TORT - MOTOR VEHICLE TORT - **CONTRACT** -
EQUITABLE RELIEF - OTHER.)

## COMMONWEALTH OF MASSACHUSETTS

NORFOLK, ss.

SUPERIOR COURT
CIVIL ACTION

NO. NOCV@ 2003-01957-A

1/28/04

RECEIVED & FILED
CLERK OF THE COURTS
NORFOLK COUNTY
(1/29/04)

..........JOHN HOGAN.........., *Plaintiff(s)*

v.

KEYSPAN HOME ENERGY SERVICES *Defendant(s)*
INC.
a/K/a SERVICEDGE PARTNERS INC.

### SUMMONS

To the above-named Defendant:

You are hereby summoned and required to serve upon ..Robert J. Zanello...., plaintiff's attorney, whose address is .400 Granite Ave, Milton..., an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at Dedham either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

WITNESS, SUZANNE V. DELVECCHIO, *Esquire*, at ........Dedham....the ........30th..........

day of ....October..........., in the year of our Lord two thousand and ..........three..............

_____ *Clerk.*

NOTES:
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.

Attest:_____
Deputy Assistant Clerk
2/17/04

F-33

COMMONWEALTH OF MASSACHUSETTS

NORFOLK, SS.

SUPERIOR COURT
CIVIL ACTION NO. 03-01957

JOHN J. HOGAN,
    Plaintiff,

v.

KEYSPAN HOME ENERGY SERVICES
(NEW ENGLAND), INC. A/K/A
SERVICEDGE PARTNERS INC.,
    Defendant.

## DEFENDANT'S ANSWER AND JURY CLAIM

### PARTIES

1. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1 of the Complaint.

2. The defendant admits the allegations contained in Paragraph 2 of the Complaint.

### COUNT I

### BREACH OF CONTRACT

3. The defendant repeats and incorporates herein by reference its responses to Paragraphs 1-2 inclusive of the Complaint.

4. The defendant states that on or about June 18, 2001 the defendant and United Steelworkers of America, AFL-CIO-CLC Local 9432 entered into a document entitled "LAST CHANCE AGREEMENT," which document speaks for itself. The defendant denies the remaining allegations contained in paragraph 4 of the Complaint.

5. The defendant denies the allegations contained in Paragraph 5 of the Complaint.

## COUNT II

## WRONGFUL, TERMINATION OF EMPLOYMENT

6.  The defendant repeats and incorporates herein by reference its responses to Paragraphs 1-5 of the Complaint.

7.  The defendant denies the allegations contained in Paragraph 7 of the Complaint.

8.  The defendant denies the allegations contained in Paragraph 8 of the Complaint.

WHEREFORE, the defendant demands judgment in its favor together with its costs.

**DEFENDANT HEREBY DEMANDS A JURY TRIAL.**

## FIRST AFFIRMATIVE DEFENSE

And further answering, the defendants say that the complaint should be dismissed pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

And further answering, the defendant says that the plaintiff's claim is barred by the applicable statute of limitations.

## THIRD AFFIRMATIVE DEFENSE

And further answering, the defendant states that the plaintiff's complaint is barred and/or pre-empted by the exclusivity provisions of the Labor Management Relations Act including 29 U.S.C.§ 301.

## FOURTH AFFIRMATIVE DEFENSE

And further answering, the defendant states that the plaintiff's claims are pre-empted by the federal statutes that govern collective bargaining relationships.

## FIFTH AFFIRMATIVE DEFENSE

And further answering, the defendant states that the plaintiff is estopped from asserting this claim.

## SIXTH AFFIRMATIVE DEFENSE

And further answering, the defendant states that because this matter is subject to a collective bargaining agreement, the plaintiff lacks standing to pursue this claim against the defendant.

## SEVENTH AFFIRMATIVE DEFENSE

And further answering, the defendant states that plaintiff's claim fails for lack of consideration.

## EIGHTH AFFIRMATIVE DEFENSE

And further answering, the defendant raises the defense of arbitration and award.

## NINTH AFFIRMATIVE DEFENSE

And further answering, the defendant states that the plaintiff's claims are exclusively governed by the collective bargaining agreement between the defendant and United Steelworkers of America, AFL-CIO-CLC Local 9432.

Attest: [signature] A TRUE COPY
Deputy Assistant Clerk
2/17/04

KEYSPAN HOME ENERGY SERVICES (NEW ENGLAND), INC. A/K/A SERVICEDGE PARTNERS INC.

By its attorney,

DATED: February 9, 2004

_____
Thomas R. Teehan (BBO #494000)
KeySpan Energy Delivery
52 Second Avenue
Waltham, MA 02451
(781) 466-5137


**CERTIFICATE OF SERVICE**

I, Thomas R. Teehan, do hereby certify that on February 9, 2004, I caused to be served a copy of this Defendant's Answer and Jury Claim, by mailing, first class, postage prepaid, to the following counsel of record:
Robert J. Zanello, Esq.
400 Granite Avenue
Milton, MA 02186
(617) 696-5031
BBO # 539060

_____
Thomas R. Teehan

MAS-20030912　　　　Case 1:04-cv-10313-JLA　　Document 2　　Filed 02/24/2004　　Page 17 of 18　　02/17/2004
man:.susa　　　　　　　　　　　　　　Commonwealth of Massachusetts　　　　　　　　　　　　　　02:48 PM
NORFOLK SUPERIOR COURT
Case Summary
Civil Docket

# NOCV2003-01957
## Hogan v Keyspan Home Energy Services Inc aka

| | | | | | | |
|---|---|---|---|---|---|---|
| **File Date** | 10/22/2003 | **Status** | Disposed: transfered to other court (dtrans) | | | |
| **Status Date** | 02/17/2004 | **Session** | A - Civil A | | | |
| **Origin** | 1 | **Case Type** | A99 - Misc contract | | | |
| **Lead Case** | | **Track** | F | | | |

| | | | | | |
|---|---|---|---|---|---|
| **Service** | 01/20/2004 | **Answer** | 03/20/2004 | **Rule12/19/20** | 03/20/2004 |
| **Rule 15** | 03/20/2004 | **Discovery** | 08/17/2004 | **Rule 56** | 09/16/2004 |
| **Final PTC** | 10/16/2004 | **Disposition** | 12/15/2004 | **Jury Trial** | Yes |

## PARTIES

**Plaintiff**
John J Hogan
Active 10/22/2003

**Private Counsel 539060**
Robert J Zanello
400 Granite Avenue
Milton, MA 02186
Phone: 617-696-5031
Fax: 617-696-5032
Active 10/22/2003 Notify

**Defendant**
Keyspan Home Energy Services Inc aka
Served: 01/20/2004
Answered: 02/11/2004
Answered 02/11/2004

**Private Counsel 494000**
Thomas R Teehan
c/o KeySpan Energy Delivery
52 Second Avenue 4th Floor
Waltham, MA 02451
Phone: 781-466-5137
Fax: 781-290-4965
Active 02/11/2004 Notify

**Alias defendant name**
Servicedge Partners Inc
Active 10/22/2003

## ENTRIES

| Date | Paper | Text |
|---|---|---|
| 10/22/2003 | 1.0 | Complaint entry fee $275 plff jury claim |
| 10/22/2003 | | Origin 1, Type A99, Track F. |
| 10/22/2003 | 2.0 | Civil action cover sheet filed |
| 10/22/2003 | | fast track notice sent to plff attorney |
| 10/24/2003 | | ONE TRIAL review by Clerk, case is to remain in the Superior Court |
| 01/16/2004 | 3.0 | Plaintiff John J Hogan's MOTION to extend time for service of process (fax) |
| 01/21/2004 | 4.0 | Original of P#3.0 (Rec'd. 1/20/04) |
| 01/21/2004 | | MOTION (P#3.0) ALLOWED Time for Service is extended up to and including January 20,2004 (Cratsley, Justice) dated 1/21/04 Notices |

MAS-20030912 Case 1:04-cv-10313-JLA    Document 2    Filed 02/24/2004    Page 18 of 18    02/17/2004
mannsusa                                                                                    02:48 PM
Commonwealth of Massachusetts
NORFOLK SUPERIOR COURT
Case Summary
Civil Docket

### NOCV2003-01957
### Hogan v Keyspan Home Energy Services Inc aka

| Date | Paper | Text |
|---|---|---|
| | | mailed January 21, 2004 |
| 01/29/2004 | 5.0 | SERVICE RETURNED: Keyspan Home Energy Services Inc aka(Defendant) in hand, Sharon Capski, agent, s/o 1/20/04 (Rec'd. 1/28/03) |
| 02/06/2004 | | Case status changed to 'Needs review for answers' at service deadline review |
| 02/11/2004 | 6.0 | ANSWER: and jury claim of Keyspan Home Energy Services Inc aka(Defendant)(tracking sent to atty Teehan)(rec;d2/10/04) |
| 02/17/2004 | 7.0 | Case REMOVED this date to US District Court of Massachusetts |

**EVENTS**

A TRUE COPY
Attest: [signature]
Deputy Assistant Clerk
2/17/04