UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 04-10313 JLA

JOHN J. HOGAN,
Plaintiff

V.

KEYSPAN HOME ENERGY SERVICES,
Defendant

**NOTICE OF
SCHEDULING CONFERENCE**

**AND**

**OF THE IMPOSITION OF POTENTIAL SANCTIONS,
INCLUDING DISMISSAL AND DEFAULT JUDGMENT**

ALEXANDER, M.J.

The above-referenced matter is now before this Court pursuant to an Order of the District Court (Wolf, J.) dated July 26, 2004. Per that Order, the District Court referred the matter to this Court for all purposes, including trial and entry of judgment, on a theory of "default" consent, i.e., in that the parties did not inform the District Court whether they consented to trial before a Magistrate Judge, such consent was inferred. Although such consent is not unusual, it is preferred to be affirmatively indicated by counsel. More importantly to the Court for purposes of this case, it appears that this matter originally was filed in the Superior Court of Massachusetts (Norfolk County) on or about October

16, 2003 and removed by the defendant to the United States District Court on or about February 13, 2004. Since the removal, counsel have not appeared in this forum, nor did they respond to the District Court's Order dated June 16, 2004 in which counsel were requested to inform the District Court whether they consented to trial before this Court.

In that no substantive action appears to have been taken in this case since the original filing in the state court and the subsequent removal to the federal court – a span of approximately ten months – this Court is not without concern. Accordingly, in accordance with Fed. R. Civ. P. 16(b) and Local Rule 16.1, counsel for the parties shall appear before this Court for an initial scheduling conference in **Courtroom No. 24 on the 7th floor of the John Joseph Moakley U.S. Courthouse at 10:15 a.m. on Wednesday, October 6, 2004. The Court considers attendance of the senior lawyers ultimately responsible for the case and compliance with sections (B), (C), and (D) of Local Rule 16.1[1] to be of the utmost importance. Counsel may be given a continuance only if**

---

[1] These sections of Local Rule 16.1 provide:

(B) <u>Obligation of counsel to confer</u>. Unless otherwise ordered by the judge, counsel for the parties shall, pursuant to Fed.R.Civ.P. 26(f), confer no later than twenty-one (21) days before the date for the scheduling conference for the purpose of:

(1) preparing an agenda of matters to be discussed at the scheduling conference,

(2) preparing a proposed pretrial schedule for the case that includes a plan for discovery, and

(3) considering whether they will consent to trial by magistrate judge.

(C) <u>Settlement proposals</u>. Unless otherwise ordered by the judge, the plaintiff shall present written settlement proposals to all defendants no later than ten (10) days before the date for the scheduling conference. Defense counsel shall have conferred with their clients on the subject of settlement before the scheduling conference and be prepared to respond to the proposals at the scheduling conference.

(D) <u>Joint statement</u>. Unless otherwise ordered by the judge, the parties are required to file, no later than five (5) business days before the scheduling conference and after consideration of the topics contemplated by Fed.R.Civ.P. 16(b) and 26(f), a joint statement containing a proposed pretrial schedule, which shall include:

(1) a joint discovery plan scheduling the time and length for all discovery events, that shall

actually engaged on trial. Failure to comply fully with this notice and with sections (B), (C), and (D) of Local Rule 16.1 may result in sanctions under Local Rule 1.3. The Court ORDERS that if the plaintiff's counsel does not appear for the scheduling conference, then the case will be subject to dismissal. Counsel for the plaintiff is responsible for ensuring that all parties and/or their attorneys who have not filed an answer or appearance with the court are notified of the scheduling conference date. The Court FURTHER ORDERS that if the defendant's counsel does not appear for the scheduling conference, then the case is subject to default judgment.

SO ORDERED.

_8/17/04_  
Date

_[signature]_  
United States Magistrate Judge

---

  (a) conform to the obligation to limit discovery set forth in Fed. R. Civ. P. 26(b), and  
  (b) take into account the desirability of conducting phased discovery in which the first phase is limited to developing information needed for a realistic assessment of the case and, if the case does not terminate, the second phase is directed at information needed to prepare for trial; and  
 (2) a proposed schedule for the filing of motions; and  
 (3) certifications signed by counsel and by an authorized representative of each party affirming that each party and that party's counsel have conferred:  
  (a) with a view to establishing a budget for the costs of conducting the full course--and various alternative courses--of the litigation; and  
  (b) to consider the resolution of the litigation through the use of alternative dispute resolution programs such as those outlined in Local Rule 16.4.  
 To the extent that all parties are able to reach agreement on a proposed pretrial schedule, they shall so indicate. To the extent that the parties differ on what the pretrial schedule should be, they shall set forth separately the items on which they differ and indicate the nature of that difference. The purpose of the parties' proposed pretrial schedule or schedules shall be to advise the judge of the parties' best estimates of the amounts of time they will need to accomplish specified pretrial steps. The parties' proposed agenda for the scheduling conference, and their proposed pretrial schedule or schedules, shall be considered by the judge as advisory only.