UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 04-10313 JLA

JOHN J. HOGAN,
Plaintiff

V.

KEYSPAN HOME ENERGY SERVICES,
Defendant

## PLAINTIFF'S MEMORANDUM IN OPPOSITION TO THE DEFENDANT'S MOTION TO DISMISS AND IN THE ALTERNATIVE THE DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

## DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

The Plaintiff, John J. Hogan, agrees with the Defendant's submission as to the background information in this matter as to how this matter has come to this court for review and trial consideration. It is disputed that he in fact engaged in the misconduct alleged to have triggered the discharge. The Plaintiff does not agree in whole with the material facts offered by the Defendant.

## ARGUMENT OPPOSING SUMMARY JUDGMENT

The only issue which is to be litigated in this case is the just cause determination of KeySpan to discharge the Plaintiff. There is a genuine dispute with respect to the material fact of whether or not the Plaintiff did as the LCA states - " **to be using his contacts with customers for personal gain or the gain of others of for engaging in any outside work activity that directly or indirectly competes with the services provided by the Company ...**".

The evidence in this case will produce witnesses and documents that will establish that the Plaintiff did not engage in the misconduct that would have justifiably caused him to be discharged by KeySpan. In particular, a witness by the name of Donna Silva will be called to show that she was a customer contact of the Plaintiff who was presented with alternatives to KeySpan's services by virtue of the Plaintiff referring her to the phone directory. The Plaintiff will seek to introduce the employee manual for service technicians of KeySpan - in particular page 6 of the manual which deals with - **Solicitation of Business**- to establish that a worker may refer a customer contact to the yellow pages of the phone directory when asked for a recommendation for services no performed by or through the company.

The Plaintiff asserts that he followed the manual provisions as to contacts with customers with regards to the issue of competing for services provided by KeySpan. This manual is the only guidance provided to the Plaintiff and the LCA signed by him does not state with any clarity or directness that which was permissible before was no longer permissible. The Plaintiff would contend to allow the LCA to be read in such a way would be in the least confusing and ambiguous to the Plaintiff so as not to justify his conduct as cause for discharge and at the other end of the spectrum by such an interpretation of KeySpan be against public policy as the worker in such a situation is unprepared to know what conduct is permitted and what is prohibited.

Defendant's statement of material facts #14 and #15 are misleading as to the degree of confirmation and corroboration to be termed material facts. It is the coloring of those statements that the Defendant proffers at this time. The Plaintiff disputes the accuracy and truthfulness of those claims and asserts that this is the crux of the dispute

between the parties. The fact that the Defendant conducted an investigation into the matter does establish that facts existed or now exist as to the truth of the misconduct. What is clear is that once KeySpan made up its mind to discharge the Plaintiff, neither KeySpan or the Union representing Mr. Hogan, did anything to produce proof of the allegations or document the factual basis for the discharge in any form other than a letter to the Plaintiff informing him that he was terminated.

It is stated in #16 of the Defendant's material facts that attorney Zanello contacted KeySpan. While this is true, at the time the call was a request for information relative to the reason for discharge and counsel was directed to contact the legal office of KeySpan in New Jersey, no information relating to the facts of the case or issues were given at that time. As to counsel's representation at that time it was limited to seeking information at the time with an anticipation of representation at a later time on the issue of unemployment compensation.

The Plaintiff asserts that he has established a genuine issue of material fact in this case and asks that this Court deny the motion of the Defendant as to summary judgment.

## ARGUMENT OPPOSING DEFENDANT'S MOTION TO DISMISS

The Last Chance Agreement in this case precluded the Plaintiff from engaging in the grievance and arbitration procedures of the collective bargaining agreement. Reference has been made in the affidavit of Kevin Caddell and in the statement of Material Facts that a prior incident involving Mr. Hogan happened on or

about March 27, 2001 that resulted in a first step grievance process and resulted in the Last Chance Agreement dated June 18, 2001 and listed as Exhibit 3 in the Defendant's submission. The facts in this case will establish that at the time of the decision to discharge Mr. Hogan on December 5, 2001 no union representative consulted with or informed Mr. Hogan of his rights or options given the Defendant's decision to terminate him. The Plaintiff asserts that the union did not inform him nor explain to him any grievance process he was entitled to pursue as a result of the discharge. Such a circumstance as by the language of the LCA gave the Plaintiff no recourse but to file a legal claim in court as this particular LCA made special note that a discharge would not be subject to the grievance and arbitration procedures in Article IX of the collective bargaining agreement which is the only source of information relating to grievances and arbitration particular to this case.

In, Flibotte v. Pennsylvania Truck Lines, Inc., 131 F.3d 21 (1st Cir. 1997) at page 26 it is noted that the rule of preemption in not without limitations. The court went on to cite cases and to say that "... purely factual questions about an employee's conduct or an employer's conduct and motives do not require a court to interpret any term of a collective bargaining agreement." The case cites, Hawaiian Airlines Inc. v. Norris, 512 US 246, 261, 114 S.Ct. 2239, 2248, 129 L.Ed. 2d 203 (1994).

The Plaintiff would claim that there is only a dispute in this case as to the conduct of the Plaintiff to be determined in this case. It is a question of fact as to what he did to deserve being discharged. The Plaintiff seeks to have that issue resolved at trial. The

Plaintiff would agree that if he engaged in the conduct proscribed by the LCA which is likewise forbidden by the employee manual noted in this case his claim for damages fails.  However, at this time, this is the only forum available to him to assert that claim and to offer evidence to prove it.   Wherefore he asks that the Court deny the request of the Defendant.

Respectfully Submitted,

*/s/ Robert J. Zanello*
Robert J. Zanello
Counsel for the Plaintiff
400 Granite Avenue
Milton, MA  02186
(617) 696-5031
#539060

CERTIFICATE OF SERVICE

I, Robert J. Zanello, attorney for the Plaintiff, have this day served a copy of the Plaintiff's Memorandum in Opposition to the Defendant's Motion to Dismiss and for Summary Judgment by mailing postage prepaid to Attorney Thomas Teehan, for KeySpan, at his office located at 52 Second Avenue, Waltham, MA  02451

Dated : December 23, 2004

*/s/ Robert J. Zanello*
Robert J. Zanello